IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES HUBERT TAYLOR, | § | |
| INMATE #102081, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2727 |
| | § | |
| SHERIFF KIRK, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

The plaintiff, James Hubert Taylor (Inmate #102081), is a pretrial detainee incarcerated in the Brazos County Detention Center.  Taylor has filed a complaint under 42 U.S.C. § 1983, alleging violations of his civil rights in connection with his right to access the courts.  Taylor proceeds *pro se* and he has been granted leave to proceed *in forma pauperis*. At the Court's request, Taylor has supplied a more definite statement of his claims [Doc. # 8] and he has also provided an addendum [Doc. # 9].  After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the Court concludes that this case must be **dismissed** for reasons that follow.

I.    **BACKGROUND**

Taylor indicates that he was arrested by the U.S. Marshal's Service for the Southern District of Texas on May 10, 2011, pursuant to a warrant from Brazos County.  Taylor discloses further that, at the time of his arrest, he was on supervised release as the result of a federal conviction for possession of counterfeit U.S. currency and that he was also on

parole for a theft conviction from the State of Alabama.  Following his arrest in Texas,

Taylor was transported to the Brazos County Detention Center or Jail on May 23, 2011, to

face two felony counts of "forgery of a financial instrument" and two counts of using

"another's identification information."  A Brazos County grand jury returned separate

indictments against Taylor in those cases on June 7, 2011.

Taylor filed the pending civil rights complaint on July 20, 2011.  Taylor explains that

he has waived appointment of counsel and asserted the right to represent himself in

connection with the criminal charges pending against him in Brazos County. Taylor

complains, however, that officers in charge of the Brazos County Jail have failed to provide

him with access to a law library and adequate supplies.  Taylor argues, therefore, that he is

being denied access to the courts.  Taylor seeks injunctive relief as well as $100,000 in

compensatory and punitive damages from Brazos County Sheriff Christopher Kirk, Jail

Administrator Wayne Dickey, and Jail Supervisor Sergeant Mitchell.  The Court concludes,

however, that the complaint must be dismissed for reasons discussed below.

## II.    STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the

"PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the

following circumstances.  Upon initial screening of a prisoner civil rights complaint, the

PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole

or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim

upon which relief may be granted;" or "seeks monetary relief from a defendant who is

immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a

complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*.

28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or

malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary

relief from a defendant who is immune from such relief"). The PLRA also provides that the

court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied

that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief from a defendant who is immune from such relief." 42

U.S.C. § 1997e(c).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP

if it lacks an arguable basis in law or fact." *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.

2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless

legal theory, such as if the complaint alleges violation of a legal interest which clearly does

not exist." *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (citations and internal

quotation marks omitted). A complaint lacks an arguable basis in fact when the plaintiff's

allegations are so "fanciful," "fantastic," and "delusional" as to be "wholly incredible."

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319,

325, 328 (1989)).

In the IFP context, review for failure to state a claim is governed by the same standard

used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

*See Hale v. King*, 642 F.3d 492, 498 (5th Cir. 2011). Under this standard, "a complaint must

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Of course, "[a] document filed *pro se* is 'to be liberally construed,' *Estelle*[ *v. Gamble*, 429 U.S. 97, 106 (1976)], and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555) (observing that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

## III.    DISCUSSION

As outlined above, Taylor contends that officials at the Brazos County Jail have failed to provide him with access to a law library and sufficient legal materials for the purpose of representing himself during ongoing criminal proceedings.  Taylor complains that, without the benefit of an adequate law library and legal materials, he is being denied his right to access the courts as a *pro se* litigant. Although Taylor concedes in his more definite statement that he has not lost the right to commence or prosecute any matters to date, he insists that "without access to legal materials" his right to access the courts is "useless."

4

Taylor's allegations do not establish a constitutional violation because inadequate access to a law library and other legal materials, standing alone, does not establish a denial of access to courts.  According to the Supreme Court's holding in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners have a constitutional right to access the courts.  It is well established, however, "*Bounds* did not create an abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351-52 (1996).  Because Brazos County provided Taylor with a court-appointed attorney,[1] he has not been denied access to courts. *See Clayton v. Brazos County Sheriff's Office*, 2011 WL 5244957 (5th Cir. Nov. 2, 2011) (per curiam).

Importantly, the Court notes that Taylor has waived the right to assistance of appointed counsel in connection with the criminal charges against him.  The Fifth Circuit has held a defendant who knowingly and voluntarily waives the right to appointed representation by counsel may not file a 42 U.S.C. § 1983 action asserting that he was denied the constitutional right to access to a law library in preparing a *pro se* defense in a criminal trial. *See Degrate v. Godwin*, 84 F.3d 768, 769 (5th Cir. 1996); *see also Jackson v. Caddo Correctional Center*, 67 Fed. App'x 253 (5th Cir. 2003); *White v. Longino*, 428 Fed. App'x 491 (5th Cir. 2011).  Other courts have also observed that, by waiving the right to appointment of counsel, a defendant relinquishes access to a law library. *See United States v. Smith*, 907 F.2d 42, 45 (6th Cir. 1990) ("[B]y knowingly and intelligently waiving his right

---

[1]   Although Taylor emphasizes that he proceeds *pro se* in his criminal case, he clarifies in his more definite statement that the trial court has attempted to appoint an attorney over Taylor's objections. [Doc. # 8, ¶ 5].

to counsel, the appellant also relinquished his access to a law library"); *United States ex rel.*

*George v. Lane*, 718 F.2d 226, 231 (7th Cir. 1983) (similar). Under these circumstances,

Taylor's complaint is legally frivolous and, alternatively, fails to state a claim upon which

relief can be granted.

## IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.    The plaintiff's complaint is **DISMISSED** with prejudice as frivolous and for failure to state a claim under 42 U.S.C. § 1983.

2.    The plaintiff's pending motion for appointment of counsel [Doc. # 10] is **DENIED** as moot.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk will also provide a copy of this order by regular mail, Federal Express, or e-mail to: the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of the Three-Strikes List.**

SIGNED at Houston, Texas, on <u>January 19</u>, 2012.

Nancy F. Atlas
United States District Judge